**STATE of Maine**

v.

**David B. CHITTIM.**

Supreme Judicial Court of Maine.

Submitted on Briefs May 25, 2001.

Decided July 26, 2001.

G. Steven Rowe, Attorney General, Joseph A. Wannamacher, Asst. Attorney General, Augusta, Michael P. Cantara, Disrict Attorney, Alfred, for State.

Kevin T. Cole, Portland, for defendant.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

CLIFFORD, J.

[¶ 1] David B. Chittim appeals from the judgment entered in the Superior Court (York County, *Brennan, J.*) affirming a judgment in the District Court (Springvale, *Janelle, J.*) against him for violating 29–A M.R.S.A. § 2104(4) (Supp.2000), a traffic infraction. We agree with Chittim's contention that the court erred in interpreting the statute and that the application of the statute to his actions is inappropriately retroactive. Accordingly, we vacate the judgment.

[¶ 2] The facts are not in dispute. In December of 1999, Chittim's son was stopped for speeding and subsequently charged with operating after suspension. Chittim was a passenger in the vehicle, which was registered in the name of his wife. The trooper noticed that the license plates on the vehicle had been altered by affixed stickers that replaced "Vacationland" on the rear plate with "Taxationland" and on the front plate with "The

Crawdad State."[1] The stickers obscured "Vacationland" but not the numbers on the plate. The officer cited Chittim for violating 29–A M.R.S.A. § 2104.[2]

[¶ 3] The State does not dispute that Chittim put the stickers on the plates in 1993 or earlier, at least six years prior to the summons and three years prior to July 1, 1996, the effective date of 29–A M.R.S.A. § 2104. Chittim subsequently transferred the plates to his wife after the statute was enacted. The District Court entered a judgment against Chittim for a violation of 29–A M.R.S.A. § 2104(4). Chittim appealed to the Superior Court. The Superior Court affirmed the District Court. Chittim brought this appeal pursuant to M.R.App. P. 2(a) and 14 M.R.S.A. § 1851 (1980).

[¶ 4] Because the Superior Court acted in an appellate capacity, we review the decision of the District Court directly to determine whether Chittim's conduct violated 29–A M.R.S.A. § 2104. *State v. White,* 2001 ME 65, ¶ 4, 769 A.2d 827, 828.

[¶ 5] The interpretation of a statute is a question of law. *White,* 2001 ME 65, ¶ 4, 769 A.2d at 828. The language of Title 29–A, sections 103 and 2104, provides that a violation of section 2104 constitutes a traffic infraction subjecting the violator to the imposition of a fine. Accordingly, the statute is penal, and we construe penal statutes strictly. *State v. Tarmey,* 2000 ME 23, ¶ 9, 755 A.2d 482, 484 (reasoning strict penal statute analysis to prevent creation of criminal offense by inference or implication); *Burne v. John Hancock Mut.*

*Life Ins. Co.,* 403 A.2d 775, 777 (Me.1979) (finding statute creating interest on overdue insurance claim as penal and reviewing under strict construction analysis); *State v. Millett,* 392 A.2d 521, 525 (Me. 1978) (noting fundamental principle to strictly construe penal statutes).

[¶ 6] The language of 29–A M.R.S.A. § 2104 does not and could not provide that attaching a sticker to a plate or displaying a defaced registration plate prior to the enactment of the statute is a violation of its provisions. *See* U.S. Const. art. I, §§ 9, cl. 3 & 10, cl. 1 (prohibiting Congress and the states from passing ex post facto laws); Me. Const. art. I, § 11 (prohibiting ex post facto legislation). In construing a statute, we determine and give effect to the legislative intent first from the plain meaning of the statutory language and in the context of the whole statutory scheme. *Reagan v. Racal Mortgage, Inc.,* 1998 ME 188, ¶ 7, 715 A.2d 925, 927; *Salenius v. Salenius,* 654 A.2d 426, 429 (Me.1995). A statute must be construed in light of the subject matter, the purpose of the statute and the consequences of a particular interpretation. *Reagan,* 1998 ME 188, ¶ 8, 715 A.2d at 928. We will construe a statute to avoid an absurd, illogical, or inconsistent result. *Id.* ¶ 7, 715 A.2d at 927; *Millett,* 392 A.2d at 525 (noting that penal statute strict construction principle subordinate to reasonable and sensible interpretation).

[¶ 7] The plain language of § 2104 makes it a violation to "add or attach[ ]" a

---

1. Registration plates issued for private use vehicles must include " 'Vacationland' ... centered at the bottom in letters not less than ¾ inch in height ...." 29–A M.R.S.A. § 451(4)(C), (4–A)(C) (1996 & Supp.2000).

2. Title 29–A M.R.S.A. section 2104 provides that "a person commits a traffic infraction if that person adds or attaches to a registration

plate a decal, symbol, slogan, mark, letter or number not authorized by law or by the Secretary of State." 29–A M.R.S.A. § 2104(4) (Supp.2000). "The exclusive penalty for a traffic infraction is a fine of not less than $25 nor more than $500, unless specifically authorized, or suspension of a license, or both." 29–A M.R.S.A. § 103 (Supp.2000).

decal, symbol, slogan, or letter to a registration plate. Chittim, however, has no affirmative duty to remove the stickers from property that is no longer owned by him or in his possession. *See Clark v. State Employees Appeals Bd.,* 363 A.2d 735, 738 (Me.1976) (disfavoring construction that leads to public mischief or results inimical to public interest). Chittim attached the stickers onto the plates sometime in 1993. Subsection 4 of 29–A M.R.S.A. § 2104 went into effect on July 1, 1996. The statutory language does not make Chittim's actions prior to July 1, 1996, a violation of the statute. *See Salenius,* 654 A.2d at 429. Nor does the statute prohibit the transfer of the plates. The statute does not cover Chittim's conduct here.

The entry is:

Judgment vacated and remanded to the Superior Court for remand to the District Court for entry of a judgment for the defendant.