2007 ME 5

**STATE of Maine**

v.

**Dwayne B. STEVENS.**

Supreme Judicial Court of Maine.

Argued: Sept. 20, 2006.

Decided: Jan. 9, 2007.

Evert N. Fowle, District Attorney, Alan P. Kelley, Deputy Dist. Atty. (orally), Augusta, for State.

Sherry Tash, Esq. (orally), Hainke & Tash, Whitefield, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, CALKINS, LEVY, and SILVER, JJ.

Majority: CLIFFORD, DANA, LEVY, and SILVER, JJ.

Dissenting: SAUFLEY, C.J., and CALKINS, J.

LEVY, J.

[¶ 1] The State of Maine appeals from a judgment entered in the Superior Court (Kennebec County, *Studstrup, J.*) granting, in part, Dwayne B. Stevens's motion to dismiss the indictment charging him with criminal OUI (Class C), 29–A M.R.S. § 2411(1–A)(D)(2), (5)(D–1) (2005).[1] The

---

1. Title 29–A M.R.S. § 2411 (2005) has been amended subsequent to the charges brought against Stevens. P.L.2005, ch. 606, §§ A–1 to –4 (effective Aug. 23, 2006).

State contends that the trial court erred when it held that, because Stevens's prior criminal homicide conviction resulting from the operation of a motor vehicle did not occur within ten years of the current OUI offense, the prior conviction cannot enhance the current charge to a Class C crime. The issue in this case involves the interpretation of section 2411(1–A)(D)(2), which does not contain a time limitation on the use of prior convictions, in relation to 17–A M.R.S. § 9–A(3) (2005), which imposes a ten-year limitation on the use of prior convictions to enhance a sentencing classification. Because the interplay between these two statutes is ambiguous, the rule of lenity applies and we resolve the ambiguity in favor of the defendant. Therefore, we affirm the judgment.

## I. BACKGROUND

[¶ 2] Stevens was charged by indictment with operating a motor vehicle while under the influence of intoxicants or while having a blood-alcohol level of 0.08% or more. The indictment alleges that the offense occurred on June 10, 2005. The indictment cites 29–A M.R.S. § 2411(1–A)(D)(2), (5)(D–1), and charges Stevens with a Class C crime, alleging that he was convicted of vehicular manslaughter on February 20, 1986.

[¶ 3] Stevens pleaded not guilty and moved to dismiss the indictment based on 17–A M.R.S. § 9–A(3), which provides that a prior conviction must have taken place within ten years of the date of the current offense in order to enhance the sentence unless the law provides otherwise. There is no dispute that Stevens was convicted of vehicular manslaughter in February 1986. In its decision on the motion to dismiss, the court held that, because of section 9–A(3), a prior conviction must have occurred within ten years of a current OUI offense in order to charge the offense as a Class C

crime. Because Stevens's conviction for vehicular manslaughter occurred nineteen years prior to the date charged in the current offense, the court concluded that the Class C charge was impermissible. It did not dismiss the entire indictment, but gave the State the choice of amending the indictment to eliminate the Class C allegations, or filing a new complaint charging Stevens with a Class D offense.

[¶ 4] Pursuant to 15 M.R.S. § 2115–A(1), (5) (2005) and M.R.App. P. 21(b), the Attorney General approved this appeal.

## II. DISCUSSION

### A. Standard of Review

■ [¶ 5] This is an issue of statutory interpretation that we review de novo. *State v. Bjorkaryd–Bradbury*, 2002 ME 44, ¶ 9, 792 A.2d 1082, 1084. When we are called upon to interpret a statute, our primary goal "is to give effect to the Legislature's intent." *Id.* We determine the Legislature's intent by examining "the plain meaning of the statutory language ... in the context of the whole statutory scheme." *State v. Chittim*, 2001 ME 125, ¶ 6, 775 A.2d 381, 383. We look beyond the statutory language to the legislative history if the statutory language is ambiguous. *State v. Fournier*, 617 A.2d 998, 999–1000 (Me.1992). The rule of lenity counsels us to resolve ambiguities in favor of the more lenient punishment when construing an ambiguous criminal statute that sets out multiple or inconsistent punishments. *See State v. Shepley*, 2003 ME 70, ¶ 15, 822 A.2d 1147, 1151; *State v. Nastvogel*, 2002 ME 97, ¶ 6, 798 A.2d 1114, 1117.

### B. Statutes

[¶ 6] Title 29–A M.R.S. § 2411(1–A) defines the crime of criminal OUI in four ways. Subsection A defines the crime as the act of operating a motor vehicle while

under the influence or with the required blood-alcohol level, and subsections B, C, and D define the crime with reference to prior OUI convictions. Section 2411(5) establishes the penalties for conviction.[2]

OUI is ordinarily a Class D crime. 29-A M.R.S. § 2411(5). Class D crimes carry a maximum period of incarceration of less than one year, 17-A M.R.S. § 1252(2)(D) (2005), whereas Class C crimes have a maximum term of imprisonment of five years, 17-A M.R.S. § 1252(2)(C) (2005).

**2.** Title 29-A M.R.S. § 2411(1-A), (5)(D-1) provides in relevant part:

> 1-A. Offense. A person commits OUI if that person:
>   A. Operates a motor vehicle:
>   (1) While under the influence of intoxicants; or
>   (2) While having a blood-alcohol level of 0.08% or more;
>   B. Violates paragraph A and:
>   (1) Has one previous OUI offense within a 10-year period;
>   (2) Has 2 previous OUI offenses within a 10-year period; or
>   (3) Has 3 or more previous OUI offenses within a 10-year period;
>   C. Violates paragraph A, failed to submit to a test at the request of a law enforcement officer and:
>   (1) Has no previous OUI offenses within a 10-year period;
>   (2) Has one previous OUI offense within a 10-year period;
>   (3) Has 2 previous OUI offenses within a 10-year period; or
>   (4) Has 3 previous OUI offenses within a 10-year period; or
>   D. Violates paragraph A, B or C and:
>   (1) In fact causes serious bodily injury as defined in Title 17-A, section 2, subsection 23 to another person or in fact causes the death of another person; or
>   (2) Has either a prior conviction for a Class C crime under this section or former Title 29, section 1312-B or a prior criminal homicide conviction involving or resulting from the operation of a motor vehicle while under the influence of intoxicating liquor or drugs or with a blood-alcohol level of 0.08% or greater.
>   . . . .

The OUI statute under which Stevens was charged provides that OUI is enhanced to a Class C crime and carries a mandatory minimum sentence of six months incarceration if a defendant is found guilty of OUI and has "a prior criminal homicide conviction involving or resulting from the operation of a motor vehicle while under the influence of intoxicating liquor or drugs or with a blood-alcohol level of 0.08% or greater." 29-A M.R.S. § 2411(1-A)(D)(2), (5)(D-1).[3]

> 5. Penalties. Except as otherwise provided, violation of this section is a Class D crime, which is a strict liability crime as defined in Title 17-A, section 34, subsection 4-A. The following minimum penalties apply and may not be suspended:
>   . . . .
>   D-1. A violation of subsection 1-A, paragraph D is a Class C crime, which is a strict liability crime as defined in Title 17-A, section 34, subsection 4-A. The sentence must include a period of incarceration of not less than 6 months, a fine of not less than $2,100 and a courtordered suspension of a driver's license for a period of 6 years. These penalties may not be suspended. . . .

**3.** This statute was amended in 2005. The primary effect of the amendment is to elevate what had been a Class C offense to a Class B offense. P.L.2005, ch. 606, § A-3 (effective Aug. 23, 2006). Class B offenses are punishable by a maximum term of imprisonment of ten years. 17-A M.R.S. § 1252(2)(B) (2005). Section 2411(1-A), (5) of title 29-A, as amended in 2006, now provides in pertinent part:

> 1-A. Offense. A person commits OUI if that person:
>   . . . .
>   D. Violates paragraph A, B or C and:
>   (1) In fact causes serious bodily injury as defined in Title 17-A, section 2, subsection 23 to another person;
>   (1-A) In fact causes the death of another person; or
>   (2) Has either a prior conviction for a Class C crime under this section or former Title 29, section 1312-B or a prior criminal homicide conviction involving or

[¶ 7] The general statute that restricts the time period for using a prior conviction to enhance a sentence is 17–A M.R.S. § 9–A(3), which provides: "Prior convictions may be considered for purposes of enhancing a present sentence if the date of each prior conviction precedes the commission of the offense being enhanced by no more than 10 years, except as otherwise provided by law." Another statute, 17–A M.R.S. § 6 (2005), makes section 9–A applicable to crimes defined outside of the Criminal Code, such as the OUI statute, "unless the context of the statute defining the crime clearly requires otherwise."

## C. Interpretation

[¶ 8] The first step in statutory interpretation requires an examination of the "plain meaning of the statutory language . . . in the context of the whole statutory scheme." *Chittim,* 2001 ME 125, ¶ 6, 775 A.2d at 383. On its face, 29–A M.R.S. § 2411(1–A)(D)(2) does not provide a time limitation on the use of prior convictions for vehicular homicide to enhance an offense from a Class D to a Class C crime. The statute expressly provides a ten-year limitation for the other enhancement provisions in sections 2411(1–A)(B) and (C), by using the language "within a 10–year period." The absence of this language from section 2411(1–A)(D) indicates that a ten-year limitation was not intended to apply to section D.

[¶ 9] However, this interpretation must be tested in light of the whole statutory scheme. Section 9–A(3), passed after 29–A M.R.S. § 2411(1–A), establishes a general ten-year limitation on the use of a prior conviction for the enhancement of a sentence in all criminal statutes. P.L. 2001, ch. 383, § 4 (effective Jan. 31, 2003). Pursuant to section 9–A(3), the ten-year restriction will always apply, "except as otherwise provided by law." The Legislature's use of the phrase "except as otherwise provided by law" in section 9–A(3) refers to explicit, not implicit, provisions in the law. The words and phrases of a statute are construed "according to the common meaning of the language." 1 M.R.S. § 72(3) (2005). The common meaning of the word "provide" is "[t]o furnish: supply." WEBSTER'S II NEW RIVERSIDE UNIVERSITY DICTIONARY 948 (1984). Section 9–A(3)'s plain meaning is that, unless the Legislature has furnished or supplied a look-back period for prior convictions other than ten years, the ten-year period applies.

[¶ 10] This plain meaning is corroborated by other criminal laws in which the Legislature overrode the general rule of section 9–A(3) by explicitly adopting a period other than ten years. For example, several drug laws were amended at the same time that section 9–A(3) was passed to expressly exclude the ten-year limitation for certain provisions. The statutes

resulting from the operation of a motor vehicle while under the influence of intoxicating liquor or drugs or with a blood-alcohol level of 0.08% or greater. . . . .

5. Penalties. Except as otherwise provided, violation of this section is a Class D crime, which is a strict liability crime as defined in Title 17–A, section 34, subsection 4–A. The following minimum penalties apply and may not be suspended:
. . . .

D–2. A violation of subsection 1–A, paragraph D, subparagraph (1–A) or (2) is a Class B crime, which is a strict liability crime as defined in Title 17–A, section 34, subsection 4–A. The sentence must include a period of incarceration of not less than 6 months, a fine of not less than $2,100 and a court-ordered suspension of a driver's license for a period of 10 years. These penalties may not be suspended. . . .

P.L.2005, ch. 606, §§ A–1, –3 (effective Aug. 23, 2006).

all state that "[s]ection 9–A governs the use of prior convictions when determining a sentence, except that, for the purposes of this paragraph, the date of each prior conviction may precede the commission of the offense being enhanced by more than 10 years." P.L.2001, ch. 383, § 119 (effective Jan. 31, 2003) (codified at 17–A M.R.S. §§ 1105–A(1)(B), 1105–B(1)(B), 1105–C(1)(B), 1105–D(1)(A) (2005)). Likewise, a sentencing statute was amended after the passage of section 9–A(3) to state that "[s]ection 9–A governs the use of prior convictions when determining a sentence, except that, for the purposes of this subsection, for violations under chapter 11, the dates of prior convictions may have occurred at any time." P.L.2003, ch. 688, § A–14 (effective July 30, 2004) (codified at 17–A M.R.S. § 1252(4–A) (2005)).[4] Section 2411(1–A)(D) contains no such language.

[¶ 11] Although section 2411(1–A)(D) is plain on its face, in the context of the statutory scheme and section 9–A(3), it becomes ambiguous. It is unclear whether the plain meaning of section 2411(1–A)(D) should govern or whether, without explicit language in section 2411(1–A)(D) stating that a look-back period shorter or longer than the ten-year period applies, the ten-year limitation applies to the use of prior convictions for vehicular homicide.

[¶ 12] Because the plain meaning of section 2411(1–A)(D) is ambiguous in light of the statutory scheme, we look to the legislative history to determine the Legislature's intent. *Fournier*, 617 A.2d at 999–1000. The legislative summary of L.D. 1740, the bill containing section 9–A(3), explains in relevant part:

> The Maine Revised Statutes, Title 17–A, section 9–A is amended to provide gen-

eral rules for using prior convictions to enhance a new crime. These general rules are consistent with most existing provisions concerning the use of prior convictions, but do represent a substantive change in a few cases.

L.D. 1740, Summary (120th Legis.2001). The Legislature thus recognized that section 9–A(3) would operate to cause substantive changes to existing laws "in a few cases." *Id.* The question becomes whether section 2411(1–A)(D) is one of those cases. Contrary to the State's assertions, we cannot draw a clear answer to this question from the historical record associated with three relevant legislative changes.

[¶ 13] First, a 2000 amendment of section 2411(1–A)(D), formerly 29–A M.R.S.A. § 2411(6), as originally proposed, provided a ten-year limitation on the use of a prior conviction for vehicular homicide for purposes of enhancement. L.D. 2406 (119th Legis.2000). However, before its passage, the bill was subsequently revised, removing the ten-year limitation and inserting the current statutory language. Comm. Amend. A to L.D. 2406, No. H–810 (119th Legis.2000). Because this amendment occurred prior to the enactment of section 9–A(3), the legislative activity associated with it provides no insight as to whether section 9–A(3)'s ten-year period was intended to apply to section 2411(1–A)(D).

[¶ 14] Second, in 2003 the Legislature amended section 2411(1–A)(D)(2) to provide that Class C OUI convictions that were obtained pursuant to 29 M.R.S.A. § 1312–B could be used for enhancement purposes. P.L.2003, ch. 633, § 8 (effective July 30, 2004). Title 29 was repealed in 1995, and was replaced with title 29–A. P.L.1993, ch. 683, §§ A–1, A–2 (effective

---

4. Chapter 11 of the Criminal Code contains the sexual assault statutes. 17–A M.R.S. §§ 251–260 (2005).

Jan. 1, 1995). The 2003 amendment's legislative history is silent regarding the look-back period established in section 9–A(3). The application of section 9–A(3)'s ten-year look-back period limits the potential use of convictions pursuant to former title 29, section 1312–B for enhancement purposes pursuant to section 2411(1–A)(D)(2) to a narrow time period.[5] Although one may infer from this that the Legislature did not intend that section 9–A(3)'s ten-year restriction would apply, there is no direct support in the legislative record to support such an inference or to determine whether the Legislature even considered the issue.

[¶ 15] Finally, there were other provisions of L.D. 1740 at the time of section 9–A(3)'s enactment that, like section 2411(1–A)(D), required an assessment of prior convictions and were also silent as to how long the look-back period would be, making it less clear that we can glean any meaning from the legislative inaction with regard to section 2411(1–A)(D). *See, e.g.,* P.L.2001, ch. 383, § 6 (effective Jan. 31, 2003) (allowing prior conviction for criminal homicide to be used as an aggravating circumstance allowing imposition of life imprisonment) (repealed 2002); P.L.2001, ch. 383, § 20 (effective Jan. 31, 2003) (codified at 17–A M.R.S. § 253(6) (2005)) (allowing the use of prior convictions as aggravating sentencing factors in gross sexual assault cases).

D. Application of the Rule of Lenity

[¶ 16] The rule of lenity requires a court to resolve an ambiguity in favor of a defendant when there is no clear indication as to the legislative intent. *See Muscarello v.*

*United States,* 524 U.S. 125, 138, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998) ("The rule of lenity applies only if, after seizing everything from which aid can be derived, . . . we can make no more than a guess as to what Congress intended.") (quotation marks omitted). In the present case, the legislative history of section 2411(1–A) demonstrates no clear legislative intent that there shall be no time limit on the use of prior homicide convictions to enhance an OUI charge from Class D to a higher classification. Therefore, the rule of lenity applies in this case.

■ [¶ 17] We must recognize that, as demonstrated here, determining legislative intent is not always within the ken of the judicial process. The fact that key questions regarding the Legislature's intent surrounding the enactment of section 9–A(3) cannot be answered is jurisprudentially significant, because the rule of lenity is not subordinate to the rule of effectuating the Legislature's intent if that intent cannot be ascertained with reasonable certainty.

■ [¶ 18] The task of resolving the uncertainty as to whether the ten-year general rule established in section 9–A(3) applies to section 2411(1–A)(D) should be left to the legislative branch. As Chief Justice John Marshall wrote, the rule of lenity is "founded on the tenderness of the law for the rights of individuals; and on the plain principle that the power of punishment is vested in the legislative, not in the judicial department. It is the legislature, not the Court, which is to define a crime, and ordain its punishment." *United States v.*

---

5. With the limitation of a ten-year look-back period, convictions that either (1) occurred between July 30, 1994, ten years prior to the 2004 amendment, and January 1, 1995, the date of title 29's repeal; or (2) resulted from prosecutions for violations of former title 29, section 1312–B, completed after January 1, 1995, were potentially usable for enhancement purposes as of the amendment's effective date. Without the ten-year restriction, all convictions pursuant to 29 M.R.S.A. § 1312–B, including those prior to July 30, 1994, were potentially useable for enhancement purposes.

*Wiltberger,* 18 U.S. (5 Wheat.) 76, 95, 5 L.Ed. 37 (1820). Until there has been a legislative resolution of the statutory ambiguity presented by this case, we are guided by the rule of lenity, and the ambiguity is resolved in favor of the more lenient punishment.

The entry is:

Judgment affirmed.

CALKINS, J., with whom SAUFLEY, C.J., joins, dissenting.

[¶ 19] I respectfully dissent. I would vacate the judgment that dismisses the indictment. It is my view that the Legislature did not intend a ten-year limitation on the use of a prior criminal homicide conviction to enhance the sentencing classification of an OUI offense.

[¶ 20] I believe that the legislative intent is shown as follows. First, the language of the statute itself demonstrates that the ten-year limitation is not applicable to a prior homicide conviction. 29–A M.R.S. § 2411 (2005). Eleven times in section 2411, where the language refers to a previous offense, the word "offense" or "offenses" is followed by the phrase "within a 10–year period." 29–A M.R.S. § 2411(1–A)(B)(1), (2), (3); (1–A)(C)(1), (2), (3), (4); (5)(A), (B), (C), (D). The only time section 2411 does not use the phrase "within a 10–year period," in describing a prior conviction, is subsection (1–A)(D)(2), which is the subsection referring to a prior criminal homicide conviction. The fact that this is the only provision without the express limitation of a ten-year period demonstrates the Legislature's desire to enhance an OUI conviction to a Class C offense if the defendant has a prior homicide conviction resulting from the operation of a motor vehicle, no matter how long ago that conviction took place.

[¶ 21] Second, a proposed amendment to the OUI law that would have added a ten-year limitation to prior homicide convictions was removed by the Legislature before passage of other amending language to the statute. Comm. Amend. A to L.D. 2406, No. .H–810 (119th Legis.2000). Third, the 2004 amendment to section 2411(1–A)(D)(2) added language to include prior OUI convictions that had been charged under the repealed title 29 OUI provision, for enhancement purposes. Because title 29 had been repealed almost ten years before the amendment, the amendment demonstrates the Legislature's understanding that section 2411(1–A)(D)(2) has no time limitation on the use of prior convictions. Otherwise, a ten-year limitation would make most of the convictions obtained under the repealed title 29 useless for enhancement.

[¶ 22] The Court concludes that the enactment of the general ten-year limitation in 17–A M.R.S. § 9–A(3) (2005) makes section 2411(1–A)(D)(2) ambiguous. The Court further concludes that the legislative record does not resolve the ambiguity, and it applies the rule of lenity to resolve the ambiguity in favor of Stevens. I disagree that the legislative record does not resolve the ambiguity. The legislative record, as a whole, with the statutory language, sufficiently demonstrates the intention of the Legislature. We do not have to guess what the Legislature intended. The rule of lenity is reserved for those instances where we can do no more than make a guess as to the legislative meaning. *See Muscarello v. United States,* 524 U.S. 125, 138, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998). The rule of lenity is subordinate to the rule of effectuating the Legislature's intent. *State v. Shepley,* 2003 ME 70, ¶ 15, 822 A.2d 1147, 1151. Because the intention of the Legislature is apparent, the rule of lenity is inapplicable.

[¶ 23] For the foregoing reasons, I would vacate the decision of the trial court.