STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-08-40

TODD R. RICH,

        Petitioner

        v.

MAINE DEPARTMENT OF MARINE
RESOURCES,

        Respondent

DECISION AND ORDER

This case is before the court on petitioner's M.R. Civ. P. 80C petition for judicial review of the Commissioner of the Maine Department of Marine Resources (Commissioner)'s decision to suspend the petitioner's lobster and crab fishing license.

## Facts

On 1/18/08, petitioner was summonsed for a civil violation of 12 M.R.S. § 6434 (Molesting lobster gear), and a civil complaint[1] was filed thereafter on 2/22/08. (R. Tab 1, 7.) The State also brought a criminal complaint, alleging that the petitioner had violated 17-A M.R.S. § 356-A(1)(A). Following an agreement between the District Attorney and the petitioner, the District Attorney dismissed the criminal charge and judgment was entered for the State on the civil violations. (R. Tab 8-10.)

On 4/23/08, petitioner received notice from the Commissioner of a mandatory three-year suspension of his lobster and crab fishing license, based upon his violation of 12 M.R.S. § 6434. (R. Tab 5.) 12 M.R.S. § 6402, upon which the Commissioner relied in imposing the suspension, provides:

---

[1] The civil complaint also alleged a violation of Department of Marine Resources rules. (R. Tab 7.)

> The commissioner shall suspend the lobster and crab fishing license of a license holder or the nonresident lobster and crab landing permit of a permit holder convicted in court of violating section 6434. This suspension is for 3 years from the date of conviction.

12 M.R.S. § 6402 (2008).

Petitioner appeals the suspension of his license, contending that because he was not "convicted" of a violation of 12 M.R.S. § 6434, the mandatory sentencing requirement of section 6402 is inapplicable.

**Standard of Review**

When the decision of an administrative agency is appealed pursuant to M.R. Civ. P. 80C, the court reviews the agency's decision directly for abuse of discretion, errors of law, or findings not supported by the evidence. Centamore v. Dep't of Human Servs., 664 A.2d 369, 370 (Me. 1995). "An administrative decision will be sustained if, on the basis of the entire record before it, the agency could have fairly and reasonably found the facts as it did." Seider v. Bd. of Exam'rs of Psychologists, 2000 ME 206, ¶ 9, 762 A.2d 551, 555 (citing CWCO, Inc. v. Superintendent of Ins., 1997 ME 226, ¶ 6, 703 A.2d 1258, 1261). The court will "not attempt to second-guess the agency on matters falling within its realm of expertise" and judicial review is limited to "determining whether the agency's conclusions are unreasonable, unjust or unlawful in light of the record." Imagineering, Inc. v. Superintendent of Ins., 593 A.2d 1050, 1053 (Me. 1991). "Inconsistent evidence will not render an agency decision unsupported." Seider, 2000 ME 206, ¶ 9, 762 A.2d at 555. The burden of proof rests with the party seeking to overturn the agency's decision, and that party must prove that no competent evidence supports the Board's decision. Bischoff v. Bd. of Trs., 661 A.2d 167, 170 (Me. 1995).

When reviewing an agency's interpretation of a statute that is both administered by the agency and within the agency's expertise, the first inquiry is whether the statute

is ambiguous or unambiguous. Competitive Energy Servs., LLC v. Pub. Utils. Comm'n, 2003 ME 12, ¶ 15, 818 A.2d 1039, 1046. If the statute is unambiguous, it is interpreted according to its plain language. Arsenault v. Sec'y of State, 2006 ME 111, ¶ 11, 905 A.2d 285, 288. If, instead, the statute is ambiguous, deference is given to the agency's interpretation if the interpretation is reasonable. Id.

## Discussion

Petitioner urges a strict reading of 12 M.R.S. § 6402, which requires license suspension where a license holder was "convicted in court of violating section 6434." Petitioner argues that he was "convicted" of nothing. See BLACK'S LAW DICTIONARY 335 (7th ed. 1999) (defining "conviction" as "[t]he act or process of judicially finding someone guilty of a crime . . . ."). Because, petitioner suggests, he was found liable on a *civil* violation of section 6434, 12 M.R.S. § 6402 does not apply. Such a strict construction of the statute, petitioner contends, is appropriate because section 6402 is a penal statute. See Davis v. State, 306 A.2d 127, 129 (Me. 1973) ("penal statutes are to be construed strictly"). Even assuming the penal nature of section 6402,[2] however, strict construction is subordinate to the rule that judicial interpretation must be reasonable and sensible with a view to effectuating the legislative design and true intent of the legislature. Town of Union v. Strong, 681 A.2d 14, 18 (Me. 1996); State v. Millett, 392 A.2d 521, 525 (Me. 1978). Because, as discussed below, petitioner's proffered interpretation is

---

[2] State v. Anton, 463 A.2d 703, 706 (Me. 1983) provides a non-exhaustive list of factors for determining whether a statute is civil or criminal (penal), including:

> Whether the sanction involves an affirmative disability or restraint, whether it has historically been regarded as a punishment, whether it comes into play only on a finding of scienter, whether its operation will promote the traditional aims of punishment -- retribution and deterrence, whether the behavior to which it applies is already a crime, whether an alternative purpose to which it may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned are all relevant to the inquiry, and may often point in differing directions.

unreasonable, and would run counter to the clear intent of the legislature, the court rejects the petitioner's argument. See Cornwall Indus., Inc. v. Me. Dep't of Manpower Affairs, Employment Sec. Comm'n, 351 A.2d 546, 553 (Me. 1976) ("Court[s] should avoid an interpretation which would lead to an absurd result even though it must disregard the strict letter of the statute.").

The flaw in petitioner's argument is that no criminal offense exists pursuant to 12 M.R.S. § 6434 and, thus, petitioner's interpretation that 12 M.R.S. § 6402 requires a criminal conviction of section 6434 would effectively render section 6402 meaningless. See Melanson v. Belyea, 1997 ME 150, ¶ 4, 698 A.2d 492, 493 (statutory language should be construed so to avoid "absurd, inconsistent, unreasonable or illogical results").

Petitioner suggests that 12 M.R.S. § 6434(4) provides for a criminal conviction. Section 6434(4), as amended,[3] provides:

> 4. RESTITUTION. If the holder of a lobster and crab fishing license or a nonresident lobster and crab landing permit violates this section by cutting a lobster trap line, the court shall:
>
> > A. Order that person to pay to the owner of the trap line that was cut an amount equal to twice the replacement value of all traps lost as a result of that cutting; and
> >
> > B. Direct that person to provide proof of payment of that restitution to the commissioner as required by section 6402, subsection 1.
>
> Restitution imposed under this subsection is in addition to any penalty imposed under subsection 3-A.

12 M.R.S. § 6434(4).

Petitioner appears to acknowledge that his argument that section 6434(4) is criminal may conflict with subsection 3-A, which provides: "A person who violates this section commits a civil violation for which a fine of not less than $100 or more than $500 may be adjudged." 12 M.R.S. § 6434(3-A). Indeed, this provision was added pursuant

---

[3] See P.L. 2007, ch. 283.

to P.L. 2007, ch. 283, entitled, "An Act To Make Lobster Trap Molesting a Civil Offense." Following this amendment, it is clear that no criminal offense exists under 12 M.R.S. § 6434. Accordingly, the court cannot countenance petitioner's interpretation, and finds no error in the interpretation adopted by the Commissioner.

Petitioner further argues that to construe 12 M.R.S. § 6402 to allow for the suspension of his lobster and crab fishing license would disregard the rule of lenity. See State v. Stevens, 2007 ME 5, ¶ 16, 912 A.2d 1229, 1235 (discussing the rule of lenity). The rule of lenity, however, "requires a court to resolve an ambiguity in favor of a defendant *when there is no clear indication as to the legislative intent.*" Id. (emphasis added). Again, any ambiguity created by the legislature's failure to use the term "adjudicated in court," rather than "convicted," is vitiated by the legislature's clear intent regarding the statutory scheme.

Finally, petitioner also appears to contend that the statute is unconstitutionally vague. "All acts of the legislature are presumed to be constitutional and the burden of proof is on the party who asserts an infirmity." See Union Mut. Life Ins. Co. v. Emerson, 345 A.2d 504, 507 (Me. 1975). A statute is considered unconstitutionally vague when it "fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute." Papachristou v. City of Jacksonville, 405 U.S. 156, 162 (1972) (quoting United States v. Harriss, 347 U.S. 612, 617 (1954)). The United States Supreme Court has stated that "economic regulation is subject to a less strict vagueness test because its subject matter is often more narrow, and because businesses, which face economic demands to plan behavior carefully, can be expected to consult relevant legislation in advance of action." Vill. of Hoffman Estates v. The Flipside, Hoffman Estates, Inc., 455 U.S. 489, 498 (1982).

Here, a person of ordinary intelligence would reasonably comprehend that being found in violation of 12 M.R.S. § 6434 would lead to a three-year suspension of their lobster and crab fishing licenses pursuant to 12 M.R.S. § 6402. There is only one section 6434 in Title 12 of the Maine Revised Statutes. Although section 6402 speaks of a "conviction" of section 6434, the fact that the statute did not use the term "adjudicated in court" cannot be said to have removed "fair notice" of the prohibited conduct. In sum, more important than the term "conviction" is the language "violation of section 6434." The petitioner has failed to show that section 6402 is void for vagueness.

The entry is:

> The petition is DENIED and the decision of the Commissioner of the Maine Department of Resources is AFFIRMED.

May 2L, 2008

Justice Joseph Jabar

| Date Filed | 5/22/08 | KENNEBEC | Docket No. | AP08-40 |

County

Action _____ 80C APPEAL

**J. JABAR**

TODD RICH                    vs.    MAINE DEPT. OF MARINE RESOURCES

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| NICHOLAS WALSH ESQ<br>111 COMMERCIAL ST<br>PORTLAND MAINE   04101 | Mark Randlett, AAG<br>6 SHS<br>Augusta, Maine |

| Date of Entry | |
|---|---|
| 5/28/08 | Complaint for Rule 80C Relief filed on 5/22/08. s/Walsh, Esq. (Attached exhibits A and B) |
| 6/6/08 | Motion to Amend Complaint filed on 6/2/08, filed. s/Walsh, Esq. First Amended Complaint for Rule 80C Relief, filed. |
| 6/11/08 | Entry of appearance filed by Mark Randlett, AAG for Me Dept of Marine resources. |
| 6/11/08 | Original summons with return service made upon Maine Dept. of Marine Resources on 6/3/08 |
| 6/19/08 | Certified Administrative Record, filed. s/Randlett, AAG |
| 6/26/08 | **NOTICE . AND BRIEFING SCHEDULE ISSUED.** Copies mailed to attys. of record. |
| 7/18/08 | Plaintiff's Consent Motion to Enlarge Time for Filing Brief, filed. s/Walsh, E Proposed Order, filed. |
| 7/24/08 | ORDER ON MOTION, Jabar, J. The state consenting, motion is granted. Plaintiff shall file his brief not later than October 1, 2008. The clerk shall incorporate this order in the docket by reference. Copies mailed to attys. of record. |
| 9/26/08 | Plaintiff's 80C Brief, filed. s/Walsh, Esq. |
| 10/22/08 | Brief of Respondent Maine Department of Marine Resources, filed. s/Randlett, AAG |
| 10/27/08 | Plaintiff's Reply, filed. s/Walsh, Esq. |

Notice of setting for____4/22/09____

sent to attorneys of record.

| ate of <br> ·try | Docket No. _____ |
|---|---|
| 4/22/09 | Hearing held with the Hon. Justice Joseph Jabar, presiding. Nicholas Walsh, Esq. for the Petitioner and Mark Randlett, AAG for the Respondent. |
| 5/20/09 | DECISION AND ORDER, Jabar, J. <br> The petition is DENIED and the decision of the Commissioner of the Maine Department of Resources is AFFIRMED. <br> Copies mailed to attys. of record. <br> Copies to Repositories |