### STATE of Maine

### v.

### Leo LEVASSEUR.

Supreme Judicial Court of Maine.

Argued Jan. 4, 1988.
Decided March 7, 1988.

GLASSMAN, Justice.

The defendant, Leo Levasseur, appeals from the judgments of the Superior Court (Franklin County) entered on a jury verdict finding him guilty of gross sexual misconduct, 17-A M.R.S.A. § 253 (1980), and unlawful sexual contact, 17-A M.R.S.A. § 255(1)(C) (1980). Levasseur contends the information[1] purporting to charge him with one count of gross sexual misconduct and four counts of unlawful sexual contact was invalid and that the trial court erred in denying his motion for a bill of particulars and in its instructions to the jury. Because we hold that the information failed to charge the offense of gross sexual misconduct but find no merit in the other contentions, we vacate the judgment on Count I of the information and affirm the judgment on the remaining counts.

## I.

At the time that Levasseur is alleged to have committed the offense of gross sexual misconduct, 17-A M.R.S.A. § 253,[2] provided in pertinent part:

A person is guilty of gross sexual misconduct

1. If he engages in a sexual act with another person, not his spouse, and

A. He compels such other person to submit:

(1) by force and against the will of such other person; or

(2) by threat that death, serious bodily injury, or kidnapping will be imminently inflicted on such other person or on any other human being;

. . . .

2. If he engages in sexual intercourse or a sexual act with another person, not his spouse, and

. . . .

B. He compels or induces the other to engage in such sexual intercourse or sexual act by any threat;

. . . .

Janet T. Mills, Dist. Atty., William D. Maselli, Law Intern (orally), Farmington, for plaintiff.

Edward H. Cloutier (orally), Cloutier, Joyce, Dumas & David, Livermore Falls, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

---

1. Levasseur waived indictment pursuant to M.R. Crim.P. 7(b).

2. 17-A M.R.S.A. § 253(1)(A) was repealed and replaced by P.L.1981, ch. 252, § 3. See 17-A M.R.S.A. § 253(1)(A) and (B) (Supp.1987).

4. Violation of subsection 1 is a Class A crime....

5. ... Violation of subsection 2, paragraph [ ] B ... is a Class C crime.

The information purporting to set forth the alleged offense of gross sexual misconduct contains, in the upper right hand corner, reference to 17–A M.R.S.A. § 253 and alleges in pertinent part:

## COUNT I: GROSS SEXUAL MISCONDUCT CLASS A CRIME

On or about the 1st day of March, 1981, in the Town of Wilton, County of Franklin, State of Maine, the above-named defendant, LEO LEVASSEUR, did engage in a sexual act with [name of alleged victim], who was not his spouse, and who submitted to said sexual act as a result of compulsion.

■ Levasseur argues for the first time on appeal that because the information did not state whether the "compulsion" was as defined by section 253(1)(A)(1), 253(1)(A)(2), or 253(2)(B), it did not allege an essential element of the crime of gross sexual misconduct and therefore failed to charge an offense. Because the failure of an information to charge an offense "shall be noticed and acted upon by the court at any time during the pendency of the proceeding," Levasseur's present objection has not been waived even though not noticed or suggested at the trial level. M.R.Crim.P. 12(b)(2); *State v. Michaud*, 473 A.2d 399, 402 (Me.1984).

■ We have previously noted that an indictment or information has three constitutionally based functions: (1) to provide the defendant with adequate notice of the charged offense so he may prepare to defend against it; (2) to avoid unfair surprise to the defendant at trial; and (3) to protect the defendant from twice being placed in jeopardy for the same offense. *State v. Pierce*, 438 A.2d 247, 250 (Me.1981). For adequate notice to be provided to a defendant, the information must set out every essential element of the offense. *State v.*

*Huntley*, 473 A.2d 859, 861 (Me.1984). The reference to the statute and the class of crime in the caption of the information is not a part of the information and cannot supply a missing essential element in the information. *State v. Pierce*, 438 A.2d at 254–55.

■ In *State v. Colson*, 405 A.2d 717, 719, 720 (Me.1979), we concluded that section 253 defined several separate and distinct crimes under the label of "gross sexual misconduct," each crime being dependent on the particular attendant circumstances involved in the prohibited activity. The language of the instant information does not advise Levasseur which of the distinct crimes of gross sexual misconduct defined in section 253(1)(A)(1), 253(1)(A)(2) or 253(2)(B) he allegedly committed. By failing to inform him of the type of compulsion used to effect the alleged sexual act, the information failed to set forth an essential element of the crime of gross sexual misconduct and is, therefore, insufficient to charge a criminal offense. *State v. Michaud*, 473 A.2d at 403; *State v. Arnold*, 421 A.2d 932, 934 (Me.1980). Accordingly, the judgment on Count I of the information must be vacated.

## II.

Levasseur also contends that there was a lack of specificity in the information as to both the charges of unlawful sexual contact and the time frame of such charges, and accordingly that the trial court erred in denying Levasseur's motion for a bill of particulars as to these charges.[3] We disagree. In each of the four counts of the information relating to unlawful sexual contact, the date of the alleged offense was reflected in the use of the phrase "on or about" and the nature of the alleged offense was set forth in the charge that Levasseur, being at least three years older than the named victim, who was under 14 years of age and not Levasseur's spouse, did intentionally subject such victim to sex-

---

3. In the motion for a bill of particulars Levasseur also contended that the State should furnish him particulars as to manner and dates of the

sexual act. In view of our decision on gross sexual misconduct in Count I of the information, we need not address this contention.

ual contact.[4] Levasseur requested that the State furnish as to each of the four counts the particular dates and the manner in which he was alleged to have had sexual contact with the named victim. After hearing, the court denied Levasseur's motion on the ground that "because of the nature of the alleged acts and the age of the alleged victim" the State could not be more specific.

 In the instant case, the date of the unlawful sexual contact is not an essential element of the offense except to the extent that the State must prove that the alleged act took place within the applicable statute of limitations and the prescribed age limits of the alleged victims and of Levasseur. *State v. Greene*, 512 A.2d 330, 333–34 (Me. 1986). Unlike the offense of gross sexual misconduct, Levasseur could only have committed the charged offense of unlawful sexual contact by the act of touching the genitals of the alleged victims. 17–A M.R.S.A. § 251(1)(D).[5]

We have previously stated that when the State is unable to "articulate its allegations with any greater specificity" than done in the charging document, it should not be required to file a bill of particulars. *See State v. Walker*, 506 A.2d 1143, 1147 (Me. 1986). Accordingly, the trial court did not abuse its discretion in denying Levasseur's motion for a bill of particulars. *State v. Cote*, 444 A.2d 34, 36 (Me.1982).

In view of our holding on the gross sexual misconduct count, we need not address Levasseur's remaining contention regarding the trial court's instruction to the jury on that charge.

The entry is:

Judgments of conviction on Counts II–V affirmed.

Judgment of conviction on Count I vacated. Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.

---

4. At the time of the alleged offense, 17–A M.R.S.A. § 255(1)(C) (1979) provided:

> 1. A person is guilty of unlawful sexual contact if he intentionally subjects another person, not his spouse, to any sexual contact, and
>
> ....
>
> C. The other person has not in fact attained his 14th birthday and the actor is at least 3 years older;

This section was amended by P.L.1985, ch. 247, § 3.

5. 17–A M.R.S.A. § 251(1)(D), before its amendment by P.L. 1985, ch. 495, §§ 5, 6, provided:

> "Sexual contact" means any touching of the genitals, directly or through clothing, other than as would constitute a sexual act, for the purpose of arousing or gratifying sexual desire.