### STATE of Maine

v.

### Dwayne WEESE.

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 27, 1995.

Decided July 14, 1995.

David W. Crook, Dist. Atty., William Baghdoyan, Asst. Dist. Atty., Skowhegan, for State.

Arthur J. Greif, Lowry & Associates Attys., Bangor, for defendant.

Before WATHEN, C.J. and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

LIPEZ, Justice.

Dwayne Weese appeals from a judgment entered in the Superior Court (Somerset County, *Chandler, J.*) following a jury trial in

---

which he was found guilty of operating a motor vehicle after having been declared an habitual offender in violation of 29 M.R.S.A. § 2298 (Pamph.1994).[1] On appeal, Weese contends *inter alia* that the indictment charging him with the offense is void because it fails to allege that he had knowledge or notice of revocation of his license pursuant to one or more of the alternatives set forth in 29 M.R.S.A. § 2298(1). We agree and vacate the judgment.

█ The Maine Constitution confers on an accused the right "[t]o demand the nature and cause of the accusation." Me. Const. art. I, § 6. An indictment must allege every element of the offense charged. *State v. Levasseur*, 538 A.2d 764, 766 (1988); *State v. Huntley*, 473 A.2d 859, 861 (Me.1984); *State v. Michaud*, 473 A.2d 399, 402 (Me.1984); *State v. Coleman*, 452 A.2d 397, 399 (Me. 1982). The omission of one element of the offense from a charging instrument voids it. *Huntley*, 473 A.2d at 861.

The indictment against Weese alleged:

That on or about the twenty-eighth day of January, A.D. 1993, in the Town of Athens, County of Somerset and State of Maine, Dwayne Weese did operate a motor vehicle, to wit, 1978 Dodge pickup truck, upon a public way, to wit, the Hole in the Wall Road so-called in said Athens, at a time when his license was under revocation, having been so revoked on April 6, 1987, for an indefinite period by the Secretary of State pursuant to 29 M.R.S.A. Section 2293, said Dwayne Weese being under revocation on January 28, 1993, and the said Dwayne Weese having been previously

convicted of Habitual Offender, on October 19, 1992, in the Twelfth District Court, Skowhegan, Maine, under Docket No. 92-2098.

Although the notice provision in section 2298 is an essential element of the crime charged against Weese, the notice element of the offense is missing from the indictment. As written, the indictment does not charge an offense under Maine law.

█ The sufficiency of an indictment is jurisdictional. *State v. Lunney*, 400 A.2d 759, 762 (Me.1979). The failure of an indictment to charge an offense may be noticed and acted upon by the court at any time during the proceedings. *Levasseur*, 538 A.2d at 766.

The entry is:

Judgment vacated. Remanded for dismissal of the indictment.

All concurring.

---

1. 29 M.R.S.A. § 2298 (Pamph.1994) states in pertinent part:

**1. Prohibition; notice.** It is unlawful for any person to operate any motor vehicle on a public way, as defined in Title 17-A, section 505, subsection 2, in this State while the revocation prohibiting its operation remains in effect. Any person found to be an habitual offender under this chapter, or former chapter 18, who is thereafter convicted of operating a motor vehicle in this State while the revocation prohibiting operation is in effect commits a crime as defined in subsection 2. A person found to be an habitual offender under this chapter or former chapter 18, may not operate a motor vehicle on a public way as defined in Title 17-A, section 505, subsection 2, when that per-

son's license, permit or privilege to operate a motor vehicle has been revoked under this chapter, when that person:

**A.** Has received written notice of the revocation from the Secretary of State;

**B.** Has been orally informed of the revocation by a law enforcement officer who was aware of the information as a result of records maintained by the Secretary of State, including those obtained by telecommunications;

**C.** Has actual knowledge of the revocation; or

**D.** Is a person to whom written notice was sent in accordance with section 2241, subsection 4.

(footnote omitted).