2000 ME 192

**STATE of Maine**

v.

**Terri L. DAY.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 26, 2000.

Decided Nov. 2, 2000.

R. Christopher Almy, District Attorney, C. Daniel Wood, Asst. Dist. Atty., Darcie McElwee, Asst. Dist. Atty., Bangor, for State.

Arthur J. Greif, Esq., Julie D. Farr, Esq., Gilbert & Greif, P.A., Bangor, for defendant.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

RUDMAN, J.

[¶ 1] Terri L. Day appeals from a judgment entered in the Superior Court (Penobscot County, *Mills, J.*) following a jury verdict of guilty of operating without a license. 29–A M.R.S.A. § 1251 (Class E). Day contends, *inter alia*, that the complaint charging her with operating without a license was defective. We disagree and affirm the judgment.

[¶ 2] Day was charged with one count of operating without a license. 29–A M.R.S.A. § 1251(1)(1996). The complaint against Day charged that:

[O]n or about the 23rd day of September, 1999, in the Town of Bangor, County of Penobscot, and State of Maine, TERRI DAY did: operate a motor vehicle on a public way or parking area without being licensed to do so.

The relevant section of the statute provides:

A person commits an offense of operating a motor vehicle without a license if that person operates a motor vehicle on a public way or parking area without being licensed or in violation of a condition or restriction on the license. *For a resident, that license must be issued by this State.*

29–A M.R.S.A. § 1251(1) (1996) (emphasis added).

[¶ 3] Day asserts that the complaint charging her with operating without a license was defective because it did not allege that she was a resident of the State of Maine, pursuant to the last sentence of the statute. The State argues that the complaint was not defective because the State did not need to allege that Day was a resident of the State of Maine as the last sentence in the statute does not set out an element of the offense, but rather is an " 'exception, exclusion or authorization' which the State is not required to negate unless the issue is generated by the evidence at trial." (citing 17–A M.R.S.A. § 101(1) (1983 & Supp.1999)). Section 101(1) provides, in pertinent part:

The state is not required to negate any facts expressly designated as a "defense," or any exception, exclusion or authorization that is set out in the statute defining the crime by proof at trial, unless the existence of the defense, exception, exclusion or authorization is in issue as a result of evidence admitted at the trial that is sufficient to raise a reasonable doubt on the issue, in which case the State must disprove its existence beyond a reasonable doubt. This subsection does not require a trial judge to instruct on an issue that has been waived by the defendant.

17–A M.R.S.A, § 101(1) (1983 & Supp. 1999).

[¶ 4] An indictment must allege every element of the offense charged. *State v. Weese,* 662 A.2d 213, 214 (Me.1995) (citing *State v. Levasseur,* 538 A.2d 764, 766 (Me.1988)). The omission of one element of the offense from a charging instrument voids it. *Weese,* 662 A.2d at 214 (citation omitted). The sufficiency of an indictment is jurisdictional. *Id.* The failure of an indictment to charge an offense may be noticed and acted upon by the court at any time during the proceedings. *Id.*

[¶ 5] To determine the elements of the offense of operating without a license, we look to the statute defining the offense. A criminal statute must be strictly construed. *State v. King,* 371 A.2d 640, 643 (Me.1977). The interpretation of a statute is a question of law subject to *de novo* review. *State v. Raymond,* 1999 ME 126, ¶ 6, 737 A.2d 554, 555 (citation omitted). To construe the statute in question and to give effect to the Legislature's intent, we will look to the statute's plain meaning. *Id.* When construing 29–A M.R.S.A. § 1251, we must " 'consider the whole statutory scheme for which the section at issue forms a part so that a harmonious result, presumably the intent of the Legislature, may be achieved.' " *Id.* (quoting *Estate of Whittier,* 681 A.2d 1, 2 (Me. 1996)).

[¶ 6] When considering the whole statutory scheme, it is plainly evident that the last sentence in section 1251(1) is simply an " 'exemption, exclusion or authorization' " which the State is not required to negate. *See* 17–A M.R.S.A. § 101(1). The sentence is, as the State correctly argues, "simply § 1251(6)'s explicit exemption stated conversely: if a person is a resident of Maine, then she must have a Maine license; if she is not, then the nonresident exemption may apply."

[¶ 7] Day did not produce any license. The State had no need either to allege or prove residency. Had Day produced an out of state license, the State would have had to allege and prove that Day was a Maine resident.

[¶ 8] Day's other contentions do not merit comment.

The entry is:

Judgment affirmed.