2001 ME 65

**STATE of Maine**

v.

**Joshua WHITE.**

Supreme Judicial Court of Maine.

Submitted on Briefs: April 2, 2001.
Decided: April 24, 2001.

Geoffrey A. Rushlau, District Attorney, Leane Zainea, Deputy Dist. Atty., Belfast, for State.

Jeffrey C. Toothaker, Esq., Toothaker & Chong, Ellsworth, for defendant.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

WATHEN, C.J.

[¶ 1] Defendant, Joshua White, appeals from a judgment entered in the Superior Court (Waldo County, *Hjelm, J.*) affirming a judgment entered on a guilty plea in the District Court (Belfast, *Nivison, J.*) finding defendant guilty of operating after suspension (Class E), 29–A M.R.S.A. § 2412–A(1) (1996 & Supp.2000) and finding him subject to the minimum mandatory sentence provisions set forth in 29–A M.R.S.A. § 2412–A(3) (Supp.2000). Defendant contends that the minimum mandatory sentence did not apply. Finding no error, we affirm.

[¶ 2] The relevant facts may be summarized as follows: In August 1998, when defendant was 19 years old, his driver's license was suspended for one year for operating a motor vehicle "with any amount of alcohol in the blood" pursuant to the juvenile provisional license statute, 29–A M.R.S.A. § 2472(3) (Supp.2000). In July 1999, defendant was stopped and arrested for operating after suspension pursuant to 29–A M.R.S.A. § 2412–A(1) (1996 & Supp.2000). Defendant pleaded guilty. The court determined that defendant was subject to the minimum mandatory sentence provisions of section 2412–A(3) because his underlying suspension was for an OUI. The court sentenced him to imprisonment for a term of seven days, imposed a fine of $500, and suspended his license for a period of one year. Defendant timely appealed the sentence to the Superior Court and it affirmed. Defendant now appeals.

[¶ 3] Before reaching the merits, we first determine that the matter is cognizable on direct appeal. Defendant may challenge his sentence as a matter of right if he has alleged a jurisdictional infirmity, and he may do so on direct appeal if that " 'jurisdiction infirmity' appears on the record so plainly as to preclude rational disagreement as to its existence." *State v. Cunningham,* 1998 ME 167, ¶ 5, 715 A.2d 156 (quoting *State v. Parker,* 372 A.2d 570, 572 (Me.1977)). Although, in the present case, it was within the court's general authority to sentence defendant for the Class E offense of operating after suspension to the same length of imprisonment and the same amount of fine even if the mandatory provisions had not applied, 17–A M.R.S.A. §§ 1152, 1252(2)(E), 1301(1–A)(E) (1983 & Supp.2000), it was beyond the court's authority to suspend defendant's license for one year in the absence of the court's determination that the minimum mandatory provisions applied; *compare* 29–A M.R.S.A. § 2412–A(1) with § 2412–A(3).

[¶ 4] Defendant contends that the court misinterpreted the minimum mandatory sentence provisions of 29–A M.R.S.A. § 2412–A(3). He argues that the sentence provisions do not apply to a person whose license was suspended for consuming "any quantity of alcohol," but was never convicted of OUI. When the Superior Court acts as an intermediate appellate court, we review the District Court directly. *State v. Black,* 2000 ME 211, ¶ 13, 763 A.2d 109. The interpretation of a statute is a question of law. *State v. Day,* 2000 ME 192, ¶ 5, 760 A.2d 1039 (citation omitted). "A criminal statute must be strictly construed." *Id.* (citation omitted). To construe the statute in question and to give effect to the Legislature's intent, we will look to the statute's plain meaning, avoiding absurd, illogical, or inconsistent results. *State v. Spaulding,* 1998 ME 29, ¶ 7, 707 A.2d 378. We will " 'consider the whole statutory scheme for which the section at issue forms a part so that a harmo-

nious result, presumably the intent of the Legislature, may be achieved.'" *State v. Day,* 2000 ME 192, ¶ 5, 760 A.2d 1039 (citations omitted). We will also interpret statutes as being free from unnecessary and superfluous language. *State v. Tauvar,* 461 A.2d 1065, 1067 (Me.1983).

[¶ 5] The relevant minimum mandatory sentence for operating after suspension provides as follows:

> 3. **Minimum mandatory sentences for certain suspension.** If the [underlying] suspension was for OUI or an OUI offense, the court shall impose a minimum fine of $500, a term of imprisonment of 7 consecutive days and a suspension of license of not less than one year nor more than 3 years consecutive to the original suspension. The penalties may not be suspended.

29–A M.R.S.A. § 2412–A(3) (Supp.2000). "OUI" is statutorily defined as follows:

> 8. **OUI.** "OUI" means operating under the influence of intoxicants or with an excessive blood-alcohol level under section 2411, 2453, 2454, 2456, 2457 or 2472.

29–A M.R.S.A. § 2401(8) (1996). Section 2472 is the juvenile provisional license statute, which provides in pertinent part as follows:

> 3. **Suspension for OUI conviction or certain blood-alcohol level.** The Secretary of State shall suspend, without preliminary hearing, a juvenile provisional license of a person who:
>
> A. Receives an OUI conviction; or
>
> B. Operates a motor vehicle with any amount of alcohol in the blood.

29–A M.R.S.A. § 2472(3) (Supp.2000).

[¶ 6] Contrary to defendant's contention, excessive blood-alcohol as referred to in section 2401(8) is not confined to a blood-alcohol in excess of .08%. There is no general definition of excessive blood-alcohol that is applicable to the entire chapter entitled "Major Offenses—Suspension and Revocation." *See* 29–A M.R.S.A. § 2401 (1996 & Supp.2000). Rather, the phrase is defined only within the individual sections of the chapter. Section 2472 provides for the suspension of a juvenile license for any amount of alcohol while operating a motor vehicle. That section reflects the legislative determination that any amount of alcohol in a juvenile is an excessive level of alcohol. Because the definition of OUI under section 2401(8) specifically incorporates section 2472, defendant's underlying suspension was for an OUI, as that term is specifically defined, and is subject to the minimum mandatory sentence provisions of section 2412–A(3). Defendant fails to establish any illegality in his sentence.

The entry is:

Judgment affirmed.