STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE,

Plaintiff

v.

CATRINA LYNN SEYMORE,

Defendant.

UNIFIED CRIMINAL DOCKET
CRIMINAL ACTION
DOCKET NO. CUMCD-09-3427

ORDER & DECISION

## BACKGROUND

The defendant, Catrina Lynn Seymore (Seymore), is charged with one count of Engaging

in Prostitution, a Class E crime. 17-A M.R.S.A. § 853-A.[1] A Class E crime is punishable by up

to a $1,000 fine and six months imprisonment, but section 853-A(1)(A) articulates that for a

first-time violation the "sentencing alternatives may include only the penalties provided in

section 1301." Section 1301 states that a person convicted of a crime "may be sentenced to pay

a fine," and provides guidelines amounts.[2] Seymore alleges that, in accordance with 17-A

---

[1] Section 853-A states:

1. A person is guilty of engaging in prostitution if:

   A. The person engages in prostitution as defined in section 851. Violation of this paragraph is a Class E crime, except that the sentencing alternative may include only the penalties provided in section 1301; or

   B. The person violates paragraph A and, at the time of the offense, the person has one or more prior convictions under this section or for engaging in substantially similar conduct to that

M.R.S.A § 4-B, since the section of the statute with which she is charged does not impose any jail time, it is a civil violation, not a crime.[3] On this basis, Seymore has moved, pursuant to M.R. Crim. P. 12(b)(2), to dismiss the complaint for failure to allege a criminal offense. For the reasons discussed below, her motion is DENIED.

## DISCUSSION

I.      Standard of Review

The interpretation of statutes is a question of law. *State v. Day*, 2000 ME 192, ¶5, 760 A.2d 1039, 1040. The court first looks to the plain meaning of the statute and "considers the particular language in the context of the whole statutory scheme." *Id.* (internal citations omitted). Although, criminal statutes must be strictly construed, "judicial interpretation must be reasonable and sensible, with a view to effectuating the Legislature." *State v. Millett*, 392 A.2d 521, 525 (Me. 1978). If there are ambiguities after strictly construing a criminal statute, the statute must be resolved in favor of the defendant, but statutory language should not be construed so as to provide "absurd, illogical, or inconsistent results." *State v. Day*, 1999 ME 29, ¶13, 724 A.2d 1245, 1247; *see also State v. Wilder*, 2000 ME 32, ¶ 30, 748 A.2d 444, 452. However the court must not lose sight of the integral principle "that, where the language of a statute [is] plain and unambiguous, there is no occasion for resorting to the rules of statutory interpretation. *State v. Millett*, 392 A.2d at 525 (citing *Chase v. Edgar*, 259 A.2d 30, 32 (Me. 1969)).

---

person must be sentenced to the imprisonment and required to pay the fine authorized in that law. Subject

## II.    Section 853-A

The court concludes that violating section 853-A is a crime, not a civil violation, and Defendant Seymore's argument fails because it ignores the plain language and the entire statutory schema of section 853-A.

The plain language of section 853-A clearly indicates the criminal nature of the statute by establishing that a first time violation of the statute is a Class E crime, and subsequent violations are Class D crimes.[4] The court concludes that not only is the statute clear and unambiguous, but also that to construe it any other way would cause absurd results because it would render the statute essentially useless. If, as Seymore contends, first time violators could only be convicted of a civil violation then section 853-A (1)(B) would be of no use because no one would ever have prior criminal convictions under the statute. Thus, the court disagrees with Seymore's contention that the statute should be construed as a civil violation, both because it contravenes the plain language of the statute, and because the interpretation would render absurd results.[5]

Defendant Seymore further asserts that since the portion of section 853-A with which she is charged does not provide for imprisonment this portion of the statute can only be a civil violation. The court is not persuaded by this argument. "Statutes should be construed as a whole." *Walters v. Ives*, 1988 Me. Super. LEXIS 137, 16 (June 6, 1988) (citing *Inman v.*

---

[4] The defendant alleges that the Legislature intentionally made violation of section 853-A a civil violation because they could have amended the language of the statute when making the 2001 amendments to exclude the applicability of 4-B. The court disagrees. Although it is not necessary to discern the legislative intent behind the statute since its purpose is clear from the plain language, the court notes that

*Willinski*, 144 Me. 116, 123, 65 A.2d 1, 5 (1916)). The meaning of a statute "is to be sought by an examination and consideration of all of its parts and not from any particular word or phrase that may be contained in it. This is the guiding star in the construction of any statute. Such a construction must prevail as it will form a consistent and harmonious whole." *Id.*

Lastly, a plain reading of section 853-A reveals two different penalties for violating the statute, one that allows imprisonment and one that imposes a fine. "The fact that one sentence does not refer to imprisonment as a sanction does not alter the criminal import of the provision." *See Walters*, 1988 Me. Super. LEXIS 137, 16 (stating that "[a]lthough the legislative history . . . provides no guidance . . . [when r]ead as a 'harmonious whole,' [it] is a criminal statute"). Although the penalty for a first time offense under section 853-A(1)(A) is a fine, this does not negate that the statute taken as a whole is criminal in nature. Further, the Law Court has clearly stated that imprisonment *cannot* be imposed for a civil offense. *See State v. George Hall & Sons*, 1987 Me. Super. LEXIS 87, 2-3 (Mar. 24, 1987) (citing *State v. Freeman*, 487 A.2d 1175, 1177 (Me. 1985); *State v. Anton*, 463 A.2d 703, 706-06 (Me. 1983). Thus, as imprisonment may result from violating section 853-A, it is evident that it is criminal in nature and not a civil violation.

## CONCLUSION

The motion to dismiss is therefore DENIED.

DATED: 9\1\09

STATE OF MA?
vs RE
CATRINA LY?
70 GRANDVIE 04106
SOUTH POR'

Docket No  CUMCD-CR-2009-03427

**DOCKET RECORD**

DOB: 11/ 9
Attorne RICK BANDA
NIEL G LILLEY LAW OFFICE
9 PORTLAND PIER
PO BOX 4803
PORTLAND ME 04112
RETAINED 05/13/2009

State's Attorney: STEPHANIE ANDERSON

**Charge(s)**

1  **ENGAGING IN PROSTITUTION**                    **04/30/2009 PORTLAND**
Seq 8528  17-A  853-A(1)(A)           **Class E**
   FINLEY                    / POR

**Docket Events:**

5/05/2009 FILING DOCUMENT -  NON CASH BAIL BOND FILED ON 05/04/2009

5/05/2009 Charge(s): 1
          HEARING -  ARRAIGNMENT SCHEDULED FOR 05/28/2009 @ 8:30 in Room No.  1

          NOTICE TO PARTIES/COUNSEL
5/05/2009 BAIL BOND - $1,000.00 UNSECURED BAIL BOND FILED ON 05/04/2009

          Bail Amt:  $1,000
          Date Bailed: 04/30/2009
          988
/13/2009 Party(s):  CATRINA LYNN SEYMORE
          ATTORNEY -  RETAINED ENTERED ON 05/13/2009

          Attorney:  DARRICK BANDA
/22/2009 Charge(s): 1
          SUPPLEMENTAL FILING -  COMPLAINT FILED ON 05/21/2009
          JAMES  TURCOTTE , ASSISTANT CLERK
'29/2009 Charge(s): 1
          HEARING -  ARRAIGNMENT WAIVED ON 05/28/2009
          JEFF  MOSKOWITZ , JUDGE
 29/2009 Charge(s): 1
          PLEA -  NOT GUILTY ENTERED BY COUNSEL ON 05/28/2009
          JEFF  MOSKOWITZ , JUDGE

07/29/2009 Charge(s): 1
        HEARING - DISPOSITIONAL CONFERENCE HELD ON 07/29/2009
        MARYGAY KENNEDY , JUDGE
        Attorney: DARRICK BANDA
        DA: TRACY BARDWELL
        Defendant Present in Court
07/29/2009 Charge(s): 1
        MOTION - MOTION TO DISMISS FILED BY DEFENDANT ON 07/29/2009

07/29/2009 Charge(s): 1
        HEARING - MOTION TO DISMISS SCHEDULED FOR 08/18/2009 @ 1:00 in Room No. 8

        NOTICE TO PARTIES/COUNSEL
07/29/2009 TRIAL - JURY TRIAL NOT HELD ON 07/29/2009

        MOTION HEARING SET
07/29/2009 TRIAL - JURY TRIAL SCHEDULED FOR 09/08/2009 @ 8:30 in Room No. 11

        NOTICE TO PARTIES/COUNSEL
07/29/2009 Charge(s): 1
        HEARING - MOTION TO DISMISS NOTICE SENT ON 07/29/2009

08/11/2009 OTHER FILING - OTHER DOCUMENT FILED ON 08/11/2009

        STATE'S RESPONSE TO DEF'S MOTION TO DISMISS.
08/19/2009 Charge(s): 1
        HEARING - MOTION TO DISMISS HELD ON 08/18/2009
        JOYCE A WHEELER , JUSTICE
        IN CHAMBERS T NADEAU INTERN FOR THE STATE AND ATTY SEYMORE FOR THE DEFENSE. ARGUMENTS
        MADE. MOTION UNDER ADVISEMENT.
08/19/2009 Charge(s): 1
        MOTION - MOTION TO DISMISS UNDER ADVISEMENT ON 08/18/2009

09/02/2009 ORDER - COURT ORDER FILED ON 09/01/2009
        JOYCE A WHEELER , JUSTICE
        ORDER & DECISION. THE MOTION TO DISMISS IS THEREFORE DENIED.
09/02/2009 Charge(s): 1
        MOTION - MOTION TO DISMISS DENIED ON 09/01/2009
        JOYCE A WHEELER , JUSTICE
        COPY TO PARTIES/COUNSEL

A TRUE COPY
ATTEST: _____
             Clerk