STATE OF MAINE                                    UNIFIED CRIMINAL DOCKET

CUMBERLAND, ss.                                  CRIMINAL ACTION

                                                  DOCKET NO. CR-08-1841

                                                  JAW- CUM-11/

STATE OF MAINE,

       Plaintiff

v.                                          ORDER & DECISION

MARK SCHACKELFORD,

       Defendant.

The defendant, Mark Schackelford (Schackelford), is charged with one count of

Aggravated HOMV offender with a revoked license. Schackelford's license to operate a motor

vehicle was revoked in November 1998 under the Habitual Offender law. The Secretary of State

does not remove a habitual offender status until fines are paid, regardless of whether the original

period of suspension has ended. In this case, but for the unpaid fines, Schackelford would have

been eligible to petition for removal of his habitual offender status on March 9, 2007.

Schackelford alleges that 29-A M.R.S.A. § 2554, stating the process by which a habitual

offender may petition for relief from habitual offender status, is void for vagueness and has

moved to dismiss the complaint on this basis. For the reasons discussed below, his motion is

DENIED.

**DISCUSSION**

I.      Standard of Review.

A statute is considered unconstitutionally vague if "it 'fails to give a person of ordinary

intelligence fair notice that his contemplated conduct is forbidden [or mandated] by the statute.'"

*Cobb v. Bd. of Counseling Prof'ls Licensure*, 2006 ME 48, ¶ 26 896 A.2d 271, 278 (citing

*Papachristou v. City of Jacksonville*, 405 U.S. 156, 162, 92 S. Ct. 839, 31 L. Ed. 2d 110 (1972)).

In determining whether a statute is vague, the court examines whether "its language either forbids or requires the doing of an act in terms so vague that people of common intelligence must guess at its meaning, or if it authorizes or encourages arbitrary and discriminatory enforcement.'" *See Uliano v. Bd. of Envtl. Prot.*, 2009 ME 89, ¶15, 977 A.2d 400, 408 (internal citations omitted). Further statutory examination may be necessary if "legislation delegating discretionary authority to an administrative agency . . . fails to contain standards sufficient to guide administrative action." *Id.* (internal citations omitted)).

II. Section 2554

The Defendant contends that 29-A M.R.S.A. § 2554 is void for vagueness, and as such his one-count charge of Aggravated HOMV Offender with a Revoked License should be dismissed. Section 2554 states:

> **1. Petition for relief.** After 3 years from the date of revocation, a person may petition for relief from habitual offender status. The petition must be presented to the Secretary of State.
> **2. Grant of relief by Secretary of State.** If public safety will not be endangered and the person has complied with the financial responsibility requirements [of 29-A M.R.S.A. § 1601 et seq.], the Secretary of State may relieve the person from status as an habitual offender and restore the person's license on appropriate terms and conditions.
> **3. Operating after habitual offender revocation.** The Secretary of State may not restore a license if a charge [of operating after habitual revocation or aggravated operating after habitual offender revocation] is pending. If the Secretary of State subsequently determines that a license has been restored when [such] a charge [] was pending, the Secretary of State shall, without hearing, immediately reinstate the revocation and provide notice of the reinstatement. A license may not be issued to a person who has been convicted of a violation of [operating after habitual revocation or aggravated operating after habitual offender revocation] for a period of at least one year following the conviction or longer provided under [the pertinent statutes].

Schackelford contends that the statute is vague as to when the habitual offender status is lifted, what factors the Secretary of State considers in determining whether to lift the status, and the contingency of paying fines. The court disagrees. The plain language of the statute clearly

2

states how a habitual offender status can be removed: a person may petition for relief from the Secretary of State after three years, the Secretary of State may grant the petition if public safety will not be endangered, and the person has fulfilled their financial responsibilities. *See* 29-A M.R.S.A. § 2554(1)-(2). The statute provides further guidance to the Secretary of State by prohibiting the restoration of a license if the petitioner has been charged with operating after revocation. 29-A M.R.S.A. § 2554(3). Thus, the court disagrees with Schackelford's contention that the statute is too vague for the public to follow.

The court further finds there are sufficient standards guiding the Secretary of State's decision as to whether to reinstate an offender's license. *See Uliano*, 2009 ME 89, ¶ 15, 977 A.2d at 408. "Statutes should be construed as a whole." *Walters v. Ives*, 1988 Me. Super. LEXIS 137, 16 (June 6, 1988) (citing *Inman v. Willinski*, 144 Me. 116, 123, 65 A.2d 1, 5 (1916)). The meaning of a statute "is to be sought by an examination and consideration of all of its parts and not from any particular word or phrase that may be contained in it. This is the guiding star in the construction of any statute. Such a construction must prevail as it will form a consistent and harmonious whole." *Id.*; *see also State v. Day*, 2000 ME 192, ¶ 5, 760 A.2d 1039, 1040. In examining the entirety of the statute, the Secretary of State is to consider the time passed since the date of revocation, public safety, whether the offender has satisfied his or her financial responsibilities, and whether he or she has been charged with operating after habitual offender revocation. *See e.g. State v. Savard*, 659 A.2d 1265, 1268 (Me. 1995) (noting that a "driver's license . . . , if abused, may be revoked in the name of public safety"). The court concludes that § 2554 provides the Secretary of State with sufficient guidelines to determine whether to remove a habitual offender status, and as such Schackelford's claim fails.

3

Lastly, Schackelford asserts that the notice he received as to how to restore his license failed to give adequate and understandable instructions. The court is not persuaded by this argument, both for the reasons stated above, and because Schackelford's Notice of Revocation and Opportunity for Hearing provides adequate notice as it essentially reiterates the terms of the statute in stating how to restore one's license.[1]

## CONCLUSION

The motion to dismiss is therefore DENIED.

DATED: 10/8/09

Joyce A. Wheeler, Justice

---

[1] Schackelford's Notice of Revocation and Opportunity for Hearing states in pertinent part:
> Your license and/or right to operate may be restored only by petitioning the Secretary of State . . . . At that time, if your petition is successful, you must file proof of financial responsibility and pay a $30.00 reinstatement fee before your license is restored.
> Note: If you are convicted of operating a motor vehicle while this revocation is in effect, then you are subject to penalties of up to $5,000.00 and/or 5 years imprisonment and an additional revocation period of up to 3 years.

4

STATE OF MAINE
  vs
MARK  SHACKELFORD
8 TERRI CIRCLE
WESTBROOK ME 04092

SUPERIOR COURT
CUMBERLAND, ss.
Docket No  PORSC-CR-2008-01841

**DOCKET RECORD**

DOB: 04/05/1977
Attorney: ANTHONY SINENI
        OFFICE OF ANTHONY SINENI III
        701 CONGRESS STREET
        PORTLAND ME 04102
        APPOINTED 09/15/2008

State's Attorney: STEPHANIE ANDERSON

## Charge(s)

**1   OPERATE AFTER HABITUAL OFFENDER REVOCATION 08/03/2008 PORTLAND**
**   2 PRIOR**
**Seq 11243 29-A  2557-A(2)(C)       Class C**

## Docket Events:

08/06/2008 FILING DOCUMENT -  CASH BAIL BOND FILED ON 08/06/2008

08/06/2008 Charge(s): 1
       HEARING -  INITIAL APPEARANCE SCHEDULED FOR 09/09/2008 @ 1:00 in Room No.  7

       NOTICE TO PARTIES/COUNSEL
08/06/2008 BAIL BOND - $300.00 CASH BAIL BOND FILED ON 08/06/2008

       Bail Receipt Type: CR
       Bail Amt:  $300
                           Receipt Type: CK
       Date Bailed: 08/03/2008     Prvdr Name: MATTHEW  PIERSOL
                            Rtrn Name: MATTHEW  PIERSOL
       3RD PARTY DOB 2-28-61                    WITH CONDITIONS/BO
08/29/2008 Charge(s): 1
       SUPPLEMENTAL FILING -  COMPLAINT FILED ON 08/28/2008

       RS
09/09/2008 BAIL BOND -  CASH BAIL BOND AMENDED ON 09/09/2008

       ADDED CONDITIONS/BO
       Date Bailed: 08/03/2008
       3RD PARTY DOB 2-28-61                    WITH CONDITIONS/BO
09/15/2008 Charge(s): 1
       MOTION -  MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 09/09/2008

09/16/2008 Party(s):  MARK SHACKELFORD
       ATTORNEY -  APPOINTED ORDERED ON 09/15/2008

       Attorney:  JOHN ZINK
09/22/2008 Charge(s): 1
       MOTION -  MOTION FOR APPOINTMENT OF CNSL GRANTED ON 09/15/2008
       WILLIAM  BRODRICK , JUSTICE

COPY TO PARTIES/COUNSEL
09/29/2008 Charge(s): 1
        HEARING -  INITIAL APPEARANCE HELD ON 09/09/2008
        WILLIAM  BRODRICK , JUSTICE
        TAPE 2985


                                                        MRP
09/29/2008 Party(s):  MARK SHACKELFORD
        ATTORNEY -  REMOVAL ORDERED ON 09/15/2008


        Attorney:  JOHN ZINK
09/29/2008 Party(s):  MARK SHACKELFORD
        ATTORNEY -  APPOINTED ORDERED ON 09/15/2008


        Attorney:  ANTHONY SINENI
09/29/2008 BAIL BOND -  CASH BAIL BOND CONTINUED AS POSTED ON 09/09/2008
        WILLIAM  BRODRICK , JUSTICE
        WITH ADDED CONDITION
                                                        MRP
09/29/2008 Charge(s): 1
        HEARING -  STATUS CONFERENCE SCHEDULED FOR 11/25/2008 @ 11:00 in Room No.  7


        MRP
10/06/2008 MOTION -  MOTION FOR WITHDRAWAL OF CNSL FILED BY COUNSEL ON 09/30/2008


        TSK
10/14/2008 MOTION -  MOTION FOR WITHDRAWAL OF CNSL GRANTED ON 10/07/2008
        ROLAND A COLE , JUSTICE
        COPY TO PARTIES/COUNSEL                                    W/DRAW ATTY
        ZINK AND APPT ATTY SINENI                        TSK
10/14/2008 Party(s):  MARK SHACKELFORD
        ATTORNEY -  WITHDRAWN ORDERED ON 10/07/2008


        Attorney:  JOHN ZINK
10/14/2008 Charge(s): 1
        SUPPLEMENTAL FILING -  INDICTMENT FILED ON 10/08/2008


10/14/2008 Charge(s): 1
        HEARING -  ARRAIGNMENT SCHEDULED FOR 11/05/2008 @ 11:00 in Room No.  7


10/14/2008 Charge(s): 1
        HEARING -  ARRAIGNMENT NOTICE SENT ON 10/14/2008


10/14/2008 Charge(s): 1
        HEARING -  STATUS CONFERENCE NOT HELD ON 10/08/2008


10/24/2008 OTHER FILING -  COUNSEL VOUCHER FILED ON 10/11/2008


        Attorney:  JOHN ZINK
        4.1HRS
10/24/2008 OTHER FILING - $205.00 COUNSEL VOUCHER APPROVED ON 10/24/2008
        BRENDA  OLEARY , ASSISTANT CLERK-E
        TO AOC

11/06/2008 Charge(s): 1
        HEARING - ARRAIGNMENT HELD ON 11/05/2008
        THOMAS E DELAHANTY II, JUSTICE
        Reporter: TIMOTHY THOMPSON
        Defendant Present in Court

        READING WAIVED. DEFENDANT INFORMED OF CHARGES. COPY OF INDICTMENT/INFORMATION GIVEN TO
        DEFENDANT. 21 DAYS TO FILE MOTIONS                    TSK
11/06/2008 Charge(s): 1
        PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 11/05/2008

        TSK
11/06/2008 BAIL BOND - CASH BAIL BOND CONTINUED AS POSTED ON 11/05/2008
        THOMAS E DELAHANTY II, JUSTICE
        TSK
11/06/2008 HEARING - DISPOSITIONAL HEARING SCHEDULED FOR 01/07/2009 @ 9:45 in Room No. 7

        NOTICE TO PARTIES/COUNSEL                             TSK
11/06/2008 HEARING - DISPOSITIONAL HEARING NOTICE SENT ON 11/06/2008

11/06/2008 TRIAL - JURY TRIAL SCHEDULED FOR 02/02/2009 @ 8:30 in Room No. 11

        NOTICE TO PARTIES/COUNSEL                             TSK
11/06/2008 TRIAL - JURY TRIAL NOTICE SENT ON 11/06/2008

12/01/2008 MOTION - MOTION FOR ENLARGEMENT OF TIME FILED BY DEFENDANT ON 11/25/2008

                                                             TSK
12/03/2008 MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 12/02/2008
        ROLAND A COLE , JUSTICE
        COPY TO PARTIES/COUNSEL                               TSK
12/18/2008 MOTION - MOTION TO DISMISS FILED BY DEFENDANT ON 12/16/2008

        TSK
01/13/2009 HEARING - DISPOSITIONAL HEARING HELD ON 01/07/2009
        JEFF MOSKOWITZ , JUDGE
                                                             409
01/13/2009 Charge(s): 1
        HEARING - MOTION TO DISMISS SCHEDULED FOR 01/20/2009 @ 1:00 in Room No. 8

        NOTICE TO PARTIES/COUNSEL                            409
01/13/2009 Charge(s): 1
        HEARING - MOTION TO DISMISS NOTICE SENT ON 01/13/2009

        409
01/21/2009 Charge(s): 1
        HEARING - MOTION TO DISMISS NOT HELD ON 01/20/2009

02/04/2009 TRIAL - JURY TRIAL CONTINUED ON 02/02/2009
        JEFF MOSKOWITZ , JUDGE
02/04/2009 Charge(s): 1
        TRIAL - JURY TRIAL SCHEDULED FOR 03/16/2009 @ 8:30 in Room No. 11

NOTICE TO PARTIES/COUNSEL
02/04/2009 Charge(s): 1
TRIAL - JURY TRIAL NOTICE SENT ON 02/04/2009


03/16/2009 Charge(s): 1
MOTION - MOTION TO AMEND INDICTMENT FILED BY STATE ON 03/16/2009


DA: MICHAEL MADIGAN
03/18/2009 BAIL BOND - CASH BAIL BOND NOTICE SENT ON 03/18/2009


Date Bailed: 08/03/2008
3RD PARTY DOB 2-28-61                                   WITH CONDITIONS/BO
03/18/2009 BAIL BOND - $1,000.00 CASH BAIL BOND SET BY COURT ON 03/16/2009
ROBERT E CROWLEY , JUSTICE
03/18/2009 Charge(s): 1
WARRANT - FOR FAILURE TO APPEAR ORDERED ON 03/16/2009
ROBERT E CROWLEY , JUSTICE
03/18/2009 Charge(s): 1
WARRANT - FOR FAILURE TO APPEAR ISSUED ON 03/18/2009


CERTIFIED COPY TO WARRANT REPOSITORY
07/27/2009 Charge(s): 1
WARRANT - FOR FAILURE TO APPEAR EXECUTED ON 07/25/2009 @ 19:56


07/28/2009 Charge(s): 1
WARRANT - FOR FAILURE TO APPEAR RETURNED ON 07/27/2009


07/29/2009 HEARING - BAIL HEARING HELD ON 07/27/2009
ROLAND A COLE , JUSTICE
TAPE 3361
07/29/2009 BAIL BOND - $1,000.00 CASH BAIL BOND SET BY COURT ON 07/27/2009
DANIEL E WATHEN , SUPREME COURT CHIEF JUSTICE
07/29/2009 HEARING - DISPOSITIONAL CONFERENCE SCHEDULED FOR 10/29/2009 @ 9:30 in Room No.  7

07/29/2009 TRIAL - JURY TRIAL SCHEDULED FOR 12/07/2009 @ 8:30 in Room No.  11

NOTICE TO PARTIES/COUNSEL
07/29/2009 Charge(s): 1
TRIAL - JURY TRIAL NOT HELD ON 07/29/2009


08/26/2009 BAIL BOND - CASH BAIL BOND BAIL RELEASED ON 08/26/2009


Date Bailed: 08/03/2008
3RD PARTY DOB 2-28-61                                   WITH CONDITIONS/BO
08/26/2009 BAIL BOND - CASH BAIL BOND RELEASE ACKNOWLEDGED ON 08/26/2009


Date Bailed: 08/03/2008
3RD PARTY DOB 2-28-61                                   WITH CONDITIONS/BO
08/26/2009 BAIL BOND - $1,000.00 CASH BAIL BOND FILED ON 08/25/2009


Bail Receipt Type: CR
Bail Amt:  $1,000
Receipt Type: CK

Date Bailed: 08/21/2009        Prvdr Name: DALE   MILES
                               Rtrn Name: DALE   MILES
        988
10/01/2009 HEARING -  DISPOSITIONAL CONFERENCE NOTICE SENT ON 10/01/2009


10/01/2009 HEARING -  DISPOSITIONAL CONFERENCE NOT HELD ON 10/01/2009


10/01/2009 HEARING -  DISPOSITIONAL CONFERENCE SCHEDULED FOR 10/28/2009 @ 10:30 in Room No.   7


10/02/2009 HEARING -  DISPOSITIONAL CONFERENCE NOTICE SENT ON 10/02/2009


10/30/2009 Charge(s): 1
        MOTION -  MOTION TO DISMISS FILED BY DEFENDANT ON 10/29/2009


10/30/2009 Charge(s): 1
        HEARING -  MOTION TO DISMISS SCHEDULED FOR 11/17/2009 @ 1:00 in Room No.   8

        NOTICE  TO PARTIES/COUNSEL
10/30/2009 Charge(s): 1
        HEARING -  MOTION TO DISMISS NOTICE SENT ON 10/30/2009


11/20/2009 Charge(s): 1
        HEARING -  MOTION TO DISMISS HELD ON 11/17/2009
        JOYCE A WHEELER , JUSTICE
        TAPE 3512
11/20/2009 HEARING -  DISPOSITIONAL CONFERENCE HELD ON 10/28/2009
        PAUL E EGGERT , JUDGE
11/20/2009 Charge(s): 1
        MOTION -  MOTION TO DISMISS UNDER ADVISEMENT ON 11/18/2009


11/20/2009 ORDER -  COURT ORDER FILED ON 11/18/2009
        JOYCE A WHEELER , JUSTICE
11/20/2009 Charge(s): 1
        MOTION -  MOTION TO DISMISS DENIED ON 11/18/2009
        JOYCE A WHEELER , JUSTICE
        COPY TO PARTIES/COUNSEL

A TRUE COPY
ATTEST:  _____
                Clerk