STATE OF MAINE  
KENNEBEC, SS.

UNIFIED CRIMINAL DOCKET  
CRIMINAL ACTION  
DOCKET NO. CR- 2016-0927

STATE OF MAINE    )  
    )  
    )  
    )    **ORDER ON DEFENDANT'S MOTION**  
v.    )    **TO SUPPRESS**  
    )  
    )  
CHARLES EVANS, JR.    )

Before the Court is Defendant's Motion to Suppress Search Warrant M. R.U. Crim. P. 41A.

I.    Statements of Fact

1. A warrant was requested by Augusta Police Department Detective Matthew Estes on April 14, 2016.

2. The same warrant was reviewed, signed, and issued by Augusta District Court Judge Stanfield on April 14, 2016.

3. The search warrant was executed on April 26, 2016 at the specified address of 54 Middle St. Apt. 3, Augusta, ME.

4. The executed search warrant was returned, with inventory, to the clerk's office on May 2, 2016.

5. The search warrant specifically stated that property to be seized included "cellular phones and other electronic and/or digital transmitting devices…"

6. The content information obtained in this case was obtained directly from the phone by law enforcement officers and not from a provider of an electronic communication service.

1

II.    Conclusions of Law

Defendant brings this motion seeking to suppress all content discovered on Defendant's cell phone pursuant to 16 M.R.S. § 645. Defendant argues that the search of content on his cell phone following its seizure is governed by Maine Revised Statutes Title 16, Chapter 3, Subchapter 10: "Portable Electronic Device Content Information". According to Title 16, Section § 643, "Notice must be given to the owner or user of a portable electronic device whose content information was obtained by a government entity." 16 M.R.S. § 643. This notice must be provided within 3 days of obtaining the content information unless the State has sought exception from the Court. *Id.* Where the State obtains content information in violation of Subchapter 10, 16 M.R.S. § 645 requires that the evidence be excluded. Defendant argues that because no notice was provided after the State obtained content based information from Defendant's cell phone, the State violated section 643 and the evidence should be suppressed pursuant to section 645.

The Court looks to the plain language of a criminal statute in order to interpret the legislative intent, "avoiding absurd, illogical, or inconsistent results." *State v. White*, 2001 ME 65, ¶ 4, 769 A.2d 827; *State v. King*, 371 A.2d 640, 642 (Me. 1977).  When interpreting statute, the Court must "consider the whole statutory scheme for which the section at issue forms a part so that a harmonious result, presumably the intent of the Legislature, may be achieved." *State v. Day*, 2000 ME 192, ¶ 5, 760 A.2d 1039.

When interpreting the statute as a whole, it is clear that section 643 requires notice to be provided to a cell phone user every time cell phone content

2

has been obtained by a government entity. According to section 643, the required notice must include:

> A. The nature of the law enforcement inquiry, with reasonable specificity;
> B. The content information of the owner or user that was supplied to or requested by the government entity and the date on which it was provided or requested; and
> C. If content information was obtained from a provider of electronic communication service or other 3rd party, the identity of the provider of electronic communication service or the 3rd party from whom the information was obtained.

16 M.R.S. § 643(1). The legislative intent, as is evidenced by the plain language of the statute, is to inform the user of the phone what information was searched for, what information has been obtained from the phone, the date the information was obtained, and the identity of the third party *if* a third party or provider of electronic information provided the information. The Court would note that the clear language of paragraph C ("if content information was obtained from a provider or other third party...") supports the Court's finding that Section 643 requires notice to the cell phone owner or user in every instance, but requires that additional information be contained in the notice provided to the owner or user when the content is obtained from a provider or third party. To ensure that this notice information has been provided, the legislature enacted a statutory exclusionary rule that provides that "evidence obtained in violation of this subchapter is not admissible in a criminal, civil, administrative or other proceeding." 16 M.R.S. § 645.

Looking to the remainder of section 643 in an effort to interpret that section as a harmonious whole, the Court notes further that section 643, subsections 2 and 3 address two situations where notice is "not required" or "precluded" and both refer to situations where the government entity is seeking

3

to obtain content information through a third party pursuant to section 642. Had the legislature intended to provide notice only where the information was obtained through a provider of electronic communication services, as the State argues, it would have crafted subsection 1 with the language which is included in both subsections 2 and 3: "A government entity acting under section 642…" 16 M.R.S. § 643. That language is conspicuously missing from subsection 1.

For reasons that are not clear from the record, law enforcement chose to seek permission from the Court to seize the contents of the phone without going through a phone company. Under these facts, it would seem that notice to the cell phone owner or user could have been provided consistent with the statute by incorporating the notice in any inventory provided to the person from whom the phone is seized, which in this case appears to have been the owner of the phone. The statute in fact provides a variety of acceptable ways for this notice to provided so long as it is "reasonably calculated to be effective as specified by the court issuing the warrant."

The State's argument is also undercut by the creation of the "exclusionary rule" by the Legislature. It would seem inconsistent with the intent behind this extraordinary remedy to apply it only when law enforcement obtains the information from a third party, and not directly from the owner or user, which is what apparently occurred here. In creating this remedy the Legislature's clearly intended to acknowlede the privacy interests of the owner or user, and it would be difficult to discern why those interests would be diminished depending on whether the information is taken directly from the device by law enforcement, as opposed to going through a provider of electronic information.

4

Viewing the statute as a whole, the Court holds that the notice requirements set forth in section 643 apply to the case at hand. The State violated section 643 within Title 16, Chapter 3, Subchapter 10 by failing to provide Defendant Evans with the required notice. Because of the State's violation, all content information found on the phone will be suppressed pursuant to 16 M.R.S. § 645.[1]

Defendant's Motion to Suppress is Granted.

Pursuant to M.R. Civ. P. 79(a), the clerk is hereby directed to incorporate this order by reference in the docket.

Dated 10/21/16

_____
**Michaela Murphy**
**Justice, Superior Court**

---

[1] Defendant also argues that all evidence obtained by the warrant issued April 14, 2016 should be suppressed because the warrant was returned five days after the expiration of the 14 day period for execution and return allowed by M.R.U. Crim. P. 41(g). The Law Court has consistently held that failure to strictly comply with the ministerial demands of the return of warrant and inventory "does not invalidate the search and seizure conducted pursuant to warrant." *State v. Nadeau*, 2010 ME 71, ¶ 49, 1 A.3d 445. The Court does not suppress the evidence obtained by the April 14, 2016 warrant for failure to strictly comply with M.R.U. Crim. P. 41(g).